IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| EDDIE LEE JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 6:09cv248 |
| OFFICER HAMILL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Eddie Johnson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding, pursuant to 28 U.S.C. §636(c). As Defendants, Johnson named Linda Hamill, John Crawford, H. Lamb, Michael Lampkins, Jerry Robinson, an officer named Birdow, an unknown nurse, two unknown officers, and an unknown lieutenant.

An evidentiary hearing was conducted on September 3, 2009. Following this hearing, the Defendants Captain Lampkins, Officer Hamill, Lt. Johnson, Officer Birdow, the unknown nurse, the unknown lieutenant, and the two unknown officers were dismissed from the lawsuit. The remaining defendants, Officers Crawford, Lamb, and Robinson, were ordered to answer the lawsuit and have done so.

The Plaintiff alleged that on April 11, 2009, Officer Hamill came to his cell and took two pairs of boxer shorts while he, Johnson, was using the toilet. They argued about the boxer shorts and Hamill destroyed some of Johnson's personal photographs. Hamill then ordered him to leave the dorm, but Johnson replied that he had done nothing wrong.

Johnson said that Hamill "called a code" on him and a team of officers came to the scene. They ordered him outside and told him to put his hands behind his back, although he already had his hands behind his back. Officer Crawford pushed him into the picket and, after Johnson was placed on the floor, Crawford punched him and Lamb kneed him in the back. Johnson says that Officer Robinson held his legs while Crawford and Lamb were assaulting him.

On January 5, 2010, the remaining Defendants, Crawford, Lamb, and Robinson, filed a motion for summary judgment. This motion argues that: the Defendants did not use excessive force; Johnson's injuries were *de minimis*; Johnson has not set out a valid claim for mental or emotional injury; and the Defendants are entitled to qualified and Eleventh Amendment immunity. Johnson did not file a response to the motion for summary judgment.

## The Defendants' Motion for Summary Judgment

The Defendants argue first that Johnson's injuries were *de minimis* and did not rise to the level of an Eighth Amendment violation. A review of Johnson's medical records, included in the summary judgment evidence, shows that on April 12, 2006, Johnson was seen in segregation at 5:45 a.m., approximately six hours after the use of force took place. At that time, Johnson complained of an injury to his lower back and an abrasion of his leg. The nurse noted no bruising, swelling, bleeding, or other evidence of injury to his back. Johnson was ambulatory without any apparent distress or difficulty, and pressed very deeply into his back to point out the spot of the injury; however, he then complained of severe discomfort when the nurse tried to lightly touch the same place. Where there was a small abrasion to Johnson's lower right leg, which the Emergency Action Center report described as being "about the size of a dime," a description confirmed by the photographs, the medical records state that this injury appeared to be more than eight hours old and in that case, would have been sustained prior to the use of force.

The next mention of the use of force in the medical records occurred on May 11, 2009, when Johnson was seen under an individual treatment plan for seizure disorder. At this time, Johnson said that his last seizure had been in November; he also stated that he "was injured in a use of force and

has difficulty going to the bathroom now." Upon examination, Johnson was found to be able to bend at the waist with no flank pain on palpitation, and he could ambulate without difficulty.

On June 17, 2009, Johnson complained about his left leg, showing "exquisite pain" on internal rotation and pain on lateral rotation with some swelling. This is not the leg which sustained the abrasion in the use of force. The medical records offered into evidence at the Spears hearing show that on December 24, 2008, prior to the use of force, Johnson complained of pain in his left leg which he sustained while playing basketball; he explained that he had torn his hamstring while running track in high school.

## Standards for Summary Judgment

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

To avoid summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case; unsubstantiated assertions of actual dispute will not suffice. Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Fifth Circuit has stated that once the moving party has met its burden, the nonmovant must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a fair-minded jury that it is entitled to a verdict in its favor. ContiCommodity Services, Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

Summary judgment should be granted when the moving party presents evidence which negates any essential element of the opposing party's claim, including a showing that an essential

element of the opposing party's claim is without factual support. First American Bank & Trust of Louisiana v. Texas Life Ins. Co., 10 F.3d 332, 334 (5th Cir. 1994). The granting of summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Caldas & Sons v. Willingham, 17 F.3d 123, 126 (5th Cir. 1994). Once the movant makes this showing, the burden shifts to the non-movant to come forward with evidence sufficient to establish the existence of a genuine issue of material fact. Caldas, 17 F.3d at 126-27.

Although the Court must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. Hulsey v. State of Texas, 929 F.2d 168, 170 (5th Cir. 1991); *see also* Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980) (litigants may not oppose summary judgment through unsworn materials). Similarly, a bald allegation of a factual dispute is insufficient, in itself, to create a genuine issue of material fact. Recile, 10 F.3d at 1097 n.15. A non-movant cannot manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In short, a properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. Hulsey, 929 F.2d at 170, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Legal Standards and Analysis

The Supreme Court, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992), held that inmates raising allegations of excessive force must show that the force used was malicious and sadistic for the very purpose of causing harm rather than in a good faith effort to restore discipline; the Court also noted that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 999.

4

In accordance with this decision, the Fifth Circuit has identified five factors which should be considered in determining whether an unnecessary and wanton infliction of pain was done in violation of an inmate's right to be free from cruel and unusual punishment. These factors are: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998); Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). It should be noted that not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom.* John v. Johnson, 414 U.S. 1033 (1973) (cited with approval in Hudson, 112 S.Ct. at 1000).

With reference to the first factor, the extent of the injury suffered, it is important to note that in Eighth Amendment cases involving claims of excessive use of force, the Fifth Circuit has expressly held that the claimant must show injuries that are more than *de minimis*, even if not "significant, serious, or more than minor." Gomez v. Chandler, 163 F.3d 921 (5th Cir. 1999); Brown v. Lippard, 472 F.3d 384, 387 (5th Cir. 2006). In Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992), the Supreme Court held that the Eighth Amendment's prohibition of cruel and unusual punishment **necessarily excludes** from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind (emphasis added). *See also* Jackson v. Culbertson, 984 F.2d 699 (5th Cir. 1993).

An example of an Eighth Amendment case in which injuries were found to be *de minimis* is Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). In that case, the plaintiff suffered a sore, bruised ear which lasted for three days and did not require medical attention, an injury which was held to be *de minimis*.

By contrast, in Gomez, the plaintiff suffered cuts, scrapes, and contusions to the face, head, and body as a result of being knocked down, repeatedly punched in the face, and kicked in the head.

5

Medical treatment was required for these injuries. Similarly, in Edwards v. Stewart, 37 Fed.Appx. 90 (5th Cir., May 10, 2002) (not published in Federal Reporter), the plaintiff suffered cuts to his fingers and thumb, headaches, neck pain, and lacerations to the ear as a result of being sprayed with pepper spray, repeatedly hit with the gas canister, and then being kicked several times in the neck, head, and chest. Medical treatment was required for these injuries as well. The Fifth Circuit held that Edwards' injuries were more than de minimis.

In Young v. Saint, et al., slip op. no. 92-8420 (5th Cir., March 31, 1993) (unpublished), an inmate was hit on the hand with a metal spatula, resulting in two scratches requiring antibiotic ointment and a bandage, and a slight decrease in flexion and extension of the inmate's fingers; the Fifth Circuit held that this injury was *de minimis* and that the use of force was not repugnant to the conscience of mankind. In Potts v. Hill, slip op. no. 98-50214 (5th Cir., May 25, 1999) (unpublished), the inmate was hit in the mouth during an altercation with a guard, causing a non-bleeding cut and making his mouth too sore to wear dentures for three weeks; the Fifth Circuit held that this injury was *de minimis* and upheld a grant of summary judgment for the guard.[1]

In Brown, the Fifth Circuit explained that the court had never held that injuries must reach beyond some arbitrary threshold to satisfy an excessive force claim; instead, the courts may look to the seriousness of the injury to determine whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. Brown, 472 F.3d at 387. The Court made clear

---

[1] Other cases in which injuries have been found to be *de minimis* and not supportive of a constitutional claim include Monroe v. Melder, 247 F.3d 241 (5th Cir., Jan. 10, 2001) (table) (inmate placed in a choke-hold and punched three times in the head, face, and mouth, causing a one-inch gash over the eye requiring sutures); Wilson v. Taylor, 100 Fed.Appx. 282 (5th Cir., June 4, 2004) (not selected for publication in the Federal Reporter) (inmate body-slammed to floor and punched in face by correctional officer over seven feet tall and weighing over 300 pounds); and Bradshaw v. Unknown Lieutenant, 48 Fed.Appx. 106 (5th Cir., August 21, 2002) (not selected for publication in the Federal Reporter) (inmate sprayed in the face with chemical agents, causing burning eyes and skin for 24 hours, twitching of the eyes, blurred vision, irritation of the nose and throat, blistering of his skin, rapid heartbeat, and mental anguish).

that injuries are insufficient to support an excessive force claim where there is no injury, or whether the injury is extremely minor.

In this case, the medical records show only that Johnson had a small abrasion on his knee. Even assuming that Johnson sustained this injury in the use of force, an assumption which the medical records appear to cast doubt upon in saying that it appeared to be more than eight hours old, such an injury is plainly more akin to the bruised ear at issue in <u>Siglar</u> than the multiple cuts, bruises, and contusions suffered by the plaintiffs in <u>Gomez</u> and <u>Brown</u>. This conclusion is supported by the Fifth Circuit's unpublished decisions in <u>Monroe</u>, <u>Wilson</u>, <u>Bradshaw</u>, <u>Young</u>, and <u>Potts</u>.

Johnson also complains that his back was injured in the use of force. However, at least two examinations by medical personnel failed to detect any problems with Johnson's back, nor were any objective symptoms of back problems observed. Johnson was able to ambulate without difficulty and bend at the waist without flank pain on palpitation, and he was able to press deeply into his back upon performing a demonstration for the nurse. The Fifth Circuit has held that where the objective factors of an inmate's medical records show no evidence of any injuries consistent with the inmate's allegations, the Court may conclude that the allegations are implausible. <u>Wilburn v. Shane, et al.</u>, slip op. no. 98-21077 (5th Cir., August 20, 1999) (unpublished), *citing* <u>Wesson v. Oglesby</u>, 910 F.2d 278, 281-82 (5th Cir. 1990).

The Fifth Circuit has also held that unsubstantiated assertions are not competent summary judgment evidence. <u>Grimes v. Texas Dept. of Mental Health & Mental Retardation</u>, 102 F.3d 137, 139-40 (5th Cir. 1996). In this case, Johnson's general and conclusory allegations that he suffered an unspecified back injury, which alleged injury was not discernible to medical professionals, are not sufficient to show that he suffered anything more than a *de minimis* injury, nor are these allegations sufficient to overcome the competent summary judgment evidence furnished by the Defendants.

The Supreme Court's decision in <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175 (2010), in which the Court stated that the core judicial inquiry when a prisoner alleges excessive force is not whether a

certain quantum of injury, but rather whether force was applied in a good faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm, essentially comports with the Fifth Circuit's decision in Brown. The Supreme Court acknowledged that the extent of injury could provide some indication of the amount of force applied, and noted that "not every malevolent touch by a prison guard gives rise to a federal cause of action." The prisoner in Wilkins suffered multiple physical injuries requiring medical attention, including a bruised heel, lower back pain, increased blood pressure, migraine headaches, dizziness, psychological trauma, and mental anguish including depression, panic attacks, and nightmares. He received X-rays and was prescribed medications. In discussing the approaches taken by different circuits, the Supreme Court observed that these injuries would not be considered *de minimis* in the Fifth Circuit.

As in Wilkins, the Fifth Circuit's decision in Brown shifted the focus away from the level of injury sustained to the motive or justification for the use of force. However, in keeping with established Supreme Court precedent, the Fifth Circuit stated that where no injury at all was suffered, or where the injury suffered was virtually non-existent, no constitutional claim would be stated. Brown, 482 F.3d at 387; *see* Memphis Community School District v. Stachura, 477 U.S. 299, 308 (1986) (compensatory damages cannot be awarded without a showing of injury). Thus, for example, a bruised ear, which lasted for a few days and did not require medical attention, was "extremely minor," in effect equivalent to no injury at all. Similarly, Johnson suffered one small abrasion, which the medical records indicated may not have been sustained in the use of force at all, and complained of back pain for which no objective symptoms could be discerned.

The Defendants also seek summary judgment with regard to Johnson's claims for mental and emotional distress. 42 U.S.C. §1997e(e) provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury. This injury need not be significant, but must be more than *de minimis*. Robinson v. Lavalais, 331 Fed.Appx. 292, 2009 WL 1532030 (5th Cir., June 2, 2009). In this case, Johnson has failed to show that he suffered any kind

of injury which was more than *de minimis* or extremely minor, and so any claim which he may have for emotional distress is without merit.

## Immunity

The Defendants contend that they are entitled to Eleventh Amendment immunity as to claims brought against them in their official capacities, and qualified immunity as to claims brought against them in their individual capacities.

The Fifth Circuit has held that to prevail in a Section 1983 lawsuit, a plaintiff must overcome an officer's defense of qualified immunity. *See* McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (noting that when a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense).

To determine whether this has been done, the court must undertake a two-step analysis. First, the Court must evaluate whether a "plaintiff's allegations, if true, establish a constitutional violation." Second, if a constitutional violation is found to have occurred, the court must determine whether the defendant's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Williams v. Kaufman County, 352 F.3d 994, 1002 (5th Cir. 2003), *citing* Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). The prongs of this test are not sequential, but may be reviewed in either order. Pearson v. Callahan, 129 S.Ct. 808, 817 (2009). It should be noted that the Fifth Circuit has specifically held that the plaintiff's burden of overcoming the qualified immunity defense cannot be discharged by conclusory allegations and assertions. Michalik v. Hermann, 422 F.3d 252, 262 (5th Cir. 2005).

In Hope, the Supreme Court reiterated the standard for a constitutional right to be clearly established, as follows:

> Its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ....but it is to say that in the light of pre-existing law. the unlawfulness must be apparent.'

Hope, 536 U.S. at 739, 122 S.Ct. at 2515, *citing* Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

The Supreme Court went on to clarify that the factual situation from which the pre-existing constitutional right developed does not have to be "fundamentally similar" to the one before a court when addressing qualified immunity. Rather, qualified immunity can be overcome as long as prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights. The Court concluded that "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Hope, 536 U.S. at 740-41, 122 S.Ct. at 2515-16.

The Fifth Circuit has held that before engaging in the inquiry as to whether prison officials unreasonably violated clearly established law, the district court must first consider whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of federal law in the first place. Kinney v. Weaver, 367 F.3d 337, 350 (5th Cir. 2004).

In this case, the challenged conduct involved the infliction of injuries which were no more than *de minimis* or extremely minor. The law was clearly established in April of 2009 that prison officials were prohibited from using force maliciously and sadistically for the very purpose of causing harm. However, the law was also clearly established that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind. In this case, the competent summary judgment evidence shows that Johnson suffered at most injuries which were "extremely minor" and no more than *de minimis* as a result of the incident forming the basis of the lawsuit. A reasonable officer would not believe that the actions of the Defendants violated a clearly established constitutional right. *See* Brawner v. City of Richardson, Texas, 855 F.2d 187 (5th Cir. 1988); Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). Thus, the Defendants are entitled to the defense of qualified immunity in this case.

The Defendants also contend that they are entitled to Eleventh Amendment immunity to the extent that they are sued in their official capacities. A lawsuit brought against state actors in their

official capacity is in effect brought against the State of Texas, and is thus barred by the doctrine of sovereign immunity. Hafer v. Melo, 112 S.Ct. 358, 363 (1991). For this reason, the Defendants are entitled to absolute Eleventh Amendment immunity from any claims which Johnson may have brought against them in their official capacities.

## Conclusion

The Court has carefully examined the record in this cause, including the Plaintiff's pleadings and testimony, the Defendants' motion for summary judgment, the competent summary judgment evidence (including the sworn allegations of the Plaintiff's complaint and testimony), and all other pleadings, documents, and records in this case. Upon such review, the Court has determined that there are no disputed issues of material fact and that the Defendants Sgt. Rockwell, Sgt. Smith, and Sgt. Freeman are entitled to summary judgment on the claims against them. The Court has further concluded that these Defendants are entitled to the defense of qualified immunity, and to the defense of Eleventh Amendment immunity to the extent that they are sued in their official capacities. Consequently, this lawsuit should be dismissed, and it is accordingly

ORDERED that the Defendants' motion for summary judgment (docket no. 32) is hereby GRANTED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **March, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE